UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| A. Z. Shol,<br><br>Petitioner,<br><br>v.<br><br>Secretary of Homeland Security; William Barr,[1] Attorney General; Peter Berg,[2] ICE Field Office Director; and Kurt Freitag, Freeborn County Sherriff,<br><br>Respondents. | Case No. 18-cv-3139 (WMW/SER)<br><br>**REPORT AND RECOMMENDATION** |

The above-captioned case comes before the undersigned on Shol's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, this Court recommends dismissing the petition.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Shol is native of Sudan and a citizen of South Sudan. (Decl. of Richard N. Pryd, Ex. 5, ECF No. 5). Shol was admitted to the United States on September 15, 2000 as a refugee. (Pyrd Decl. ¶ 4). Shol became a lawful permanent resident in June 2005. (Pyrd Decl. ¶ 4). On October 14, 2016, Shol was convicted in South Dakota state court of felony failure to appear. (Pyrd Decl. Exs. 1, 2). Shol was sentenced to two years

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Attorney General Jeff Sessions is substituted by William Barr.
[2] Pursuant to Fed. R. Civ. P. 25(d), ICE Field Office Director Scott Baniecke is substituted by Peter Berg.

1

imprisonment, but that sentence was suspended on various conditions. (Pyrd Decl. Ex. 2). Shol was found to have violated his probation conditions so his suspended sentence was revoked and he was sentenced to two years imprisonment on April 27, 2017. (Pyrd. Decl. Ex. 2).

On March 19, 2018, Shol was arrested by ICE officers at the South Dakota State Penitentiary in Sioux Falls, South Dakota and served with a notice to appear. (Pyrd Decl. ¶ 5, Ex. 3; *see* Pet., at 5, ECF No. 1 (alleging custody date of March 23, 2018)). Shol requested a custody determination after his arrest and detention. (Pyrd Decl. Ex. 3). On April 6, 2018, an immigration judge denied Shol's request for a change in custody. (Pyrd Decl. Ex. 4).

Shol was charged under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") as removable due to being convicted of an aggravated felony as defined in Section 101(a)(43)(T) of the INA. (Pyrd Decl. Ex. 1). The aggravated felony specifically referred to Shol's failure to appear conviction. (Pyrd Decl. Ex. 1). Shol appeared before an immigration judge on May 3, 2018 where he admitted the allegations in the notice to appear but applied for relief from removal. (Pyrd Decl. Ex. 5). On September 12, 2018, an immigration judge ordered Shol removed to South Sudan or, in the alternative, Sudan. (Pyrd Decl. Ex. 5; Pet., at 5). Shol's applications for asylum and withholding of removal were denied. (Pyrd Decl. Ex. 5).

Shol timely appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"). (Pyrd Decl. Ex. 6; Pet., at 2, 5). While that appeal was pending, Shol filed the instant habeas action. (Pet., at 2, 5). Respondents answered. (ECF

2

No. 7). Thereafter, on March 20, 2019, the BIA dismissed Shol's appeal. (Second Decl. of Richard N. Pyrd Ex. 7, ECF No. 9). Respondents filed a supplemental answer to Shol's habeas petition. (ECF No. 8). Shol has filed no reply to either of Respondents' submissions.

Shol challenges his "prolonged and continued detention" as "unreasonable" in violation of his substantive due process rights. (Pet., at 6). Shol also asserts that the Government has "been unable to effectuate [his] removal and there is no likelihood of [his] removal in the reasonably foreseeable future." (Pet., at 7). Shol requests immediate release from custody. (Pet., at 8). The Government responds that, pending Shol's appeal, he was in mandatory immigration detention pursuant to 8 U.S.C. § 1226(c). Now that his appeal has been dismissed, the Government asserts Shol's detention is required under 8 U.S.C. § 1231.

## II.   ANALYSIS

When Shol filed his petition, he was administratively detained pursuant to 8 U.S.C. § 1226, which governs detention before a final order of removal has issued. Under that section, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Detention becomes mandatory "for a limited class of deportable aliens—including those convicted of an aggravated felony." *Demore v. Kim*, 538 U.S. 510, 517–18 (2003) (citing 8 U.S.C. § 1226(c)(1)). Relevant here, Section 1226(c)(1)(B) requires detention of any alien who "is deportable by reason of having committed any offense" in 8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D). As noted above, Shol was alleged

removable due to an aggravated felony conviction. 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43)(T) (defining "aggravated felony" as, *inter alia*, "an offense relating to a failure to appear before a court pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of 2 years' imprisonment or more may be imposed").

When Shol's removal order became final, his detention shifted from § 1226(c) to § 1231. "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This "removal period" begins when the order of removal becomes administratively final. 8 U.S.C. § 1231(a)(1)(B). During the removal period, "the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible" under § 1227(a)(2). 8 U.S.C. § 1231(a)(2). After the removal period, an alien deemed removable under § 1227(a)(2) "may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6).

Shol based his habeas petition, in part, on the framework of *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court construed § 1231 to "limit[] an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" in order to comport with due process. 533 U.S. at 689–90. The Supreme Court held that if the alien's removal was not reasonably foreseeable, his continued detention was unreasonable and no longer lawful. *Id.* at 699–700. But Shol's reliance on *Zadvydas* is misplaced. Because Shol's removal proceedings were still ongoing when he sought habeas relief, he was not subject to a *final* order of

removal and had no claim pursuant to *Zadvydas*. *See Demore*, 538 U.S. at 527–29. Thus, to the extent Shol challenges his § 1226 detention under *Zadvydas*, that claim fails.

Moreover, "§ 1226(c) does not on its face limit the length of the detention it authorizes." *Jennings v. Rodriguez*, 138 S. Ct. 830, 846 (2018). It "makes clear that detention of aliens within its scope *must* continue 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings*, 138 S. Ct. at 846 (citing 8 U.S.C. § 1226(a)) (emphasis in original). "[Section] 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." *Jennings*, 138 S. Ct. at 846. Thus, to the extent Shol can challenge his § 1226 detention, his yearlong detention pending finalization of removal proceedings was authorized.

While Shol is now subject to a final removal order, it does not rehabilitate his *Zadvydas* claim. The 90-day removal period has not concluded. Shol's removal order became administratively final once his appeal was dismissed.[3] Even beyond the 90-day removal period, the "Supreme Court went on to hold that it is presumptively reasonable to keep an alien subject to a final removal order in custody for a total of six months." *Bah v. Cangemi*, 489 F. Supp. 2d 905, 916 (D. Minn. 2007) (citing *Zadvydas*, 533 U.S. at 701). The Supreme Court explicitly stated that this presumption "does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701; *accord Bah v. Cangemi*, 548 F.3d 680, 685 (8th Cir. 2008). Rather, "[a]fter this 6-month

---

[3] There is no indication in the record that Shol has appealed the BIA decision to a United States Court of Appeal.

period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Ultimately, the Supreme Court held that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

A habeas petitioner may not seek relief under *Zadvydas* until that six-month detention period has come to pass. *See Mehighlovesky v. U.S. Dep't of Homeland Sec.*, Case No. 12-cv-902 (RHK/JJG), 2012 WL 6878901, at *2 (D. Minn. Dec. 7, 2012) (collecting cases). "A petition filed before the expiration date of the presumptively reasonable six months of detention is properly dismissed as premature." *Keita v. Sabol*, 2011 WL 1375052, at *2 (M.D. Pa. Apr. 12, 2011) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam)). To the extent that Shol's petition might be interpreted as anticipatory of claims he might eventually be able to pursue under *Zadvydas* now that the order of removal has become final, the petition must be denied because he could not have had such a claim at the time this action was filed. Shol must wait until his claim under *Zadvydas* is ripe before he may bring that claim.

Shol has not articulated a viable claim for habeas corpus relief. It is therefore recommended that his petition for a writ of habeas corpus be dismissed without prejudice to his right to pursue habeas relief under *Zadvydas* (or any other basis) should circumstances warrant.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE**.

Date: April 25, 2019                              *s/ Steven E. Rau*
                                                  Steven E. Rau
                                                  United States Magistrate Judge
                                                  District of Minnesota

                                                  *Shol v. Sec'y of Homeland Security, et al.*
                                                  Case No. 18-cv-3139 (WMW/SER)

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).